IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mary P. DONOVAN, Attorney at Law.

Supreme Court

*No. 97–1770–D. Filed July 1, 1997.*

(Also reported in 564 N.W.2d 772.)

¶ 1. PER CURIAM. We review the complaint of
the Board of Attorneys Professional Responsibility
(Board) filed June 11, 1997 alleging that Attorney
Mary P. Donovan engaged in professional misconduct

while acting as assistant city attorney for Beloit. With that complaint there was filed a stipulation, pursuant to SCR 21.09(3m),[1] in which Attorney Donovan acknowledged that she had engaged in professional misconduct in those matters and in which she and the Board stipulated that a six-month suspension of her license to practice law in Wisconsin be imposed as discipline for it. The misconduct consisted of her forging a certificate of completion of a deferred prosecution program and submitting it to the municipal court to obtain dismissal of charges against an acquaintance who had not been enrolled in the program and forging a friend's signature on a letter submitted to municipal court requesting a jury trial and representing the city on a charge against that friend.

¶ 2.   We accept the stipulation of the parties and adopt the facts and conclusions set forth therein concerning Attorney Donovan's professional misconduct and the Rules of Professional Conduct for Attorneys it violated. Further, we impose the discipline to which the parties have stipulated. The seriousness of Attorney Donovan's dishonesty and false representations to

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure**

. . .

(3m)   The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

a court, viewed in light of mitigating circumstances set forth below, warrants discipline of that severity.

¶ 3. Attorney Donovan was admitted to practice law in Wisconsin in August, 1992 and served as assistant city attorney for Beloit since that time. She voluntarily has refrained from the practice of law during the pendency of this proceeding. She currently is suspended from practice for failure to comply with continuing legal education requirements.

¶ 4. The misconduct to which the parties stipulated is the following. In the first matter, an acquaintance of Attorney Donovan who worked as a bouncer at a tavern in Beloit was cited in December, 1995 for serving alcohol to a minor. The acquaintance called Attorney Donovan concerning the citation, and she said she would investigate and get back to him. Even though the acquaintance had a criminal record, Attorney Donovan decided to send him through the deferred prosecution program, which would result in dismissal of the citation upon his successful completion of it, but she never informed the acquaintance of her decision to do so. At the time, it was the city attorney's policy to use the deferred prosecution program primarily for shoplifting offenses and only for first offenses.

¶ 5. On the return date in the matter, Attorney Donovan told the municipal judge she was sending the matter to the deferred prosecution program and asked for a continuance. However, the offender was not eligible for the program because of his criminal record. The following month, Attorney Donovan represented to the court that the case was in the process of being sent to the deferred prosecution program.

¶ 6. When she realized the offender had not been referred to the program by anyone in the City Attorney's office, Attorney Donovan obtained a copy of a

certificate of completion from another deferred prosecution case, removed the offender's name and the charges from it, and inserted in their place the acquaintance's name and the charges against him. She then submitted the forged certificate to the court, misrepresenting that the offender had completed the program. When she earlier moved for dismissal and when she submitted the forged certificate to the court, she knew that he never had entered the program nor was eligible to do so. Sometime after submitting the forged certificate, Attorney Donovan told the acquaintance that his citation had been dismissed.

¶ 7. The charge against the acquaintance was reopened the following month. After he failed to appear for a trial date, a default forfeiture judgment was ordered in the amount of $209.50, which he fulfilled by serving time in the county jail. In July, 1996, when a police officer confronted her, Attorney Donovan immediately admitted her conduct in this matter. On August 26, 1996, she was convicted in Rock county circuit court of misdemeanor forgery.

¶ 8. The parties stipulated that by forging the certificate of completion of the program and submitting it to the municipal court in order to obtain dismissal of the charges for an acquaintance who had not completed or even enrolled in the deferred prosecution program, Attorney Donovan committed a criminal act reflecting adversely on her honesty, trustworthiness or fitness as lawyer, in violation of SCR 20:8.4(b).[2]

¶ 9. The second matter to which the parties stipulated concerned a former boyfriend of Attorney

---

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .

Donovan who was ticketed in January, 1996 for operating after revocation—a criminal charge prosecuted by the district attorney's office—and failing to report an accident—an ordinance violation prosecuted by the city attorney's office. Attorney Donovan represented the city in the matter.

¶ 10. Some time prior to the February 22, 1996 return date on the citations, Attorney Donovan prepared a letter requesting a trial on the failure to report an accident citation, signed the friend's name to it, and submitted it to the municipal court. On the return date, she moved to dismiss the citation, based on her prosecutorial discretion, believing that the criminal prosecution for operating after revocation, with its more severe penalties in criminal court, was an adequate penalty and that the ordinance prosecution by the city would not be justified. The municipal court dismissed the matter.

¶ 11. In early April, 1996, when the municipal judge became aware of the circumstances of the case, he told Attorney Donovan there was at least an appearance of a conflict when a prosecutor moves for dismissal of a citation against her former boyfriend, and he suggested the matter be reopened. Attorney Donovan wrote the friend acknowledging that she had a conflict and informing him that the case was being reopened. The friend pleaded no contest and was convicted of the ordinance violation. At the same time she was convicted of the forgery in the preceding matter, Attorney Donovan was convicted of misdemeanor forgery in this matter.

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

¶ 12.   The parties stipulated that Attorney Donovan's forging her former boyfriend's signature on a letter submitted to the municipal court constituted a criminal act reflecting adversely on her honesty, trustworthiness or fitness as a lawyer, in violation of SCR 20:8.4(b). Further, by representing the city on a charge against her former boyfriend when that representation was materially limited by her own interests and when she had neither determined that she could represent the city without adversely affecting its interests nor obtained its consent to the representation, she violated SCR 20:1.7(b).[3]

¶ 13.   The stipulation of the parties included the following factors in mitigation of the seriousness of the misconduct and the severity of discipline to be imposed for it. Attorney Donovan is an inexperienced attorney, having been admitted to practice in 1992, and her job with the City Attorney's office was her first position as a lawyer. She has not been the subject of a prior disciplinary investigation or proceeding or any criminal charge. She did not benefit financially from the conduct that led to her misdemeanor convictions. When confronted with her conduct, she immediately admitted to wrongdoing, fully cooperated with the Board's investi-

---

[3] SCR 20:1.7 provides, in pertinent part:

**Conflict of interest: general rule**

. . .

(b)   A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)   the lawyer reasonably believes the representation will not be adversely affected; and

(2)   the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

gation in this proceeding, accepted full responsibility for her actions and their consequences, and voluntarily refrained from the practice of law during these proceedings, thus, in the parties' words, demonstrating remorse and resolving to conduct herself ethically in the future.

¶ 14. We adopt the findings of fact and conclusions of law to which the parties have stipulated. We impose the six-month license suspension to which they agreed, having determined that, in light of the mitigating factors, it constitutes the appropriate discipline for Attorney Donovan's professional misconduct.

¶ 15. IT IS ORDERED that the license of Mary P. Donovan to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order Mary P. Donovan pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Mary P. Donovan to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 17. IT IS FURTHER ORDERED that Mary P. Donovan comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.