IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Mary P. DONOVAN, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Mary P. DONOVAN, Respondent.

Supreme Court

*No. 97–1770–D. Decided March 4, 2004.*

2004 WI 21

(Also reported in 675 N.W.2d 469.)

The Court entered the following order on this date:

Mary P. Donovan's license to practice law in Wisconsin was suspended for six months as the result of professional misconduct that occurred while she was acting as an assistant city attorney for the City of Beloit. The misconduct consisted of her forging a certificate of completion of a deferred prosecution program and submitting it to the municipal court to obtain dismissal of charges against an acquaintance who had not been enrolled in the program and forging a friend's signature on a letter submitted to the municipal court requesting a jury trial and representing the city on a charge against that friend. *See Disciplinary Proceedings Against Donovan*, 211 Wis. 2d 451, 464 N.W.2d 772 (1997).

Ms. Donovan filed a petition for reinstatement of her license to practice law on June 27, 2003. John Schweitzer was appointed as referee. A public hearing on Ms. Donovan's petition for reinstatement was held on December 17, 2003. The referee filed his report on January 2, 2004 recommending that Ms. Donovan's license to practice law be reinstated. The referee's report stated that Ms. Donovan satisfactorily answered and addressed all issues listed in SCR 22.29, which sets forth the various factors that must be demonstrated by a person seeking reinstatement. The referee noted that no evidence was presented at the public hearing to cast doubt on Ms. Donovan's present qualifications to practice law. The referee found that Ms. Donovan had complied with the requirements of SCR 22.26 regarding the activities of a person whose license has been suspended, and the referee concluded Ms. Donovan may safely be recommended to return to the practice of law.

The referee specifically found that Ms. Donovan maintained competence and learning in the law by

attending various educational activities. The referee noted that a letter from the Board of Bar Examiners confirmed that Ms. Donovan had completed the necessary number of continuing legal education (CLE) hours, including ethics credits, and that she is current in her CLE obligations through December 31, 2004.

The referee found that Ms. Donovan's conduct since her suspension has been exemplary and above reproach; that she has a proper understanding of and attitude toward the standards that are imposed upon members of the bar; and that she can safely be recommended to the legal profession, the court and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the courts.

The referee also recommended that Ms. Donovan be required to pay the costs of the reinstatement proceeding within six months after her reinstatement.

This court accepts the referee's findings of fact, conclusions of law, and recommendation.

IT IS ORDERED that the license to practice law of Mary P. Donovan be reinstated effective the date of this order.

IT IS FURTHER ORDERED that within six months of the date of this order Mary P. Donovan pay the costs of this proceeding. If the costs are not paid by that date, and absent a showing to this court of her inability to pay the costs, the license of Mary P. Donovan to practice law in Wisconsin shall be suspended until further order of this court.

*Cornelia G. Clark*
*Clerk of Supreme Court*